## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY GIBBS,** | : | **CIVIL NO. 3:15-CV-1490** |
| | : | |
| **Petitioner,** | : | **(Judge Kosik)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **BRENDA TRITT, et al.,** | : | |
| | : | |
| **Respondents.** | : | |

## MEMORANDUM ORDER

### I.    Statement of Facts and of the Case

The petitioner in this case is a conspirator, assailant, and convicted murderer whose crimes were aptly described by the Pennsylvania Superior Court in the following terms:

> Gibbs was solicited by the wife of a Pike County, Pennsylvania housing development security guard to kill her husband. It is not clear whether Gibbs also agreed to kill another guard, the ultimate and only victim. The wife promised Gibbs, then eighteen, money, a leather jacket and a motorcycle or boat in exchange for his services. On the night of March 27, 1984, Gibbs accepted the offer. Accompanied by the wife and three others, he found the husband and the other guard in the housing development security office. Gibbs fired a shot, missing the husband but killing the other man.

1

Commonwealth v. Gibbs, 403 Pa. Super. 27, 28, 588 A.2d 13, 14 (1991)
aff'd and remanded, 533 Pa. 539, 626 A.2d 133 (1993).

This tawdry act has now inspired decades of litigation, including three trials, multiple state court appeals, Commonwealth v. Gibbs, 403 Pa. Super. 27, 28, 588 A.2d 13, 14 (1991) aff'd and remanded, 533 Pa. 539, 626 A.2d 133 (1993); Commonwealth v. Gibbs, 533 Pa. 539, 626 A.2d 133 (1993); Commonwealth v. Gibbs, 738 A.2d 1050 (Pa. Super. Ct. 1999), and two habeas corpus petitions which were considered by the United States Court of Appeals for the Third Circuit. Gibbs v. Frank, 387 F.3d 268 (3d Cir. 2004); Gibbs v. Frank, 500 F.3d 202 (3d Cir. 2007). On September 1, 2005, this protracted litigation finally culminated when Gibbs was convicted of third degree murder, conspiracy and aggravated assault, and was sentenced to an aggregate term of imprisonment of 25-to-50 years.

Gibbs' minimum parole date on this sentence was March 29, 2009, and his maximum release date is March 29, 2034. (Doc. 14, ¶¶5 and 13.) Gibbs has been considered for parole by the Pennsylvania Board of Probation and Parole on six occasions since his 2005 conviction became final. Initially, Gibbs was denied parole on January 14, 2009. (Doc. 14-1, Exhibit 5.) One year later, on June 2, 2010, Gibbs, was briefly favorably considered for parole, but that parole decision was reconsidered and rescinded by the board one month later, on July 6, 2010. (Id., Exhibits 6 and 7.)

Gibbs was then denied parole on November 8, 2010; December 2, 2011; November 12, 2013; and on January 7, 2015. (Id., Exhibits 8-11.)  In each of these instances, the correspondence announcing the Board's decision explained to Gibbs that the decision rested on sound penological grounds, with the Board noting that Gibbs presented a risk to others, minimized and denied his role in this slaying, showed a lack of remorse for the murder, and refused to accept responsibility for these crimes.  (Id.)  The Board's actions also cited the negative recommendations of the trial judge and prosecutor in support of its decisions denying parole to Gibbs.  (Id.)  While Gibbs has characterized these recommendations as improper and vindictive, there appears to be a sound legal and factual justification for these officials to oppose Gibbs' early release on parole since inmate witnesses have testified that Gibbs has stated that he plans to kill the state court judge upon his release.  (Id., Exhibit 3.)  Thus, Gibbs' claim of vindictiveness on the part of these officials arises out of their opposition to his early release in the face of information that he may try to kill those involved in his case once he is paroled.

It is against this backdrop that Gibbs filed this, his latest federal habeas corpus petition.  Dissatisfied with these parole outcomes, Gibbs, who is proceeding *pro se*, filed a petition for writ of habeas corpus which contends that the Parole Board's decision to deny him early release on parole violates his constitutional rights.  On

October 15, 2015, we issued a Report and Recommendation which recommended that this petition be denied since Gibbs had not made the showing of arbitrary, capricious and conscience-shocking conduct necessary for habeas relief in this setting. (Doc. 16.) In reaching this conclusion we observed that Gibbs' complaints that he was not given the more favorable parole consideration simply did not state a claim which shocks the conscience or is sufficiently egregious to be characterized as arbitrary and capricious. Quite the contrary, these parole denial decisions rested on the immutable fact that the petitioner was a convicted killer, whose crimes reflected a cold, calculated cruelty. Furthermore, Gibbs had shown no remorse for this slaying, had denied or minimized his role in these offense, and refused to accept responsibility for these acts. Gibbs also presented an on-going risk to society since the record revealed evidence suggesting that he had stated a desire to kill those who played a role in his underlying state murder case. Thus, Gibbs was a convicted killer who is alleged to have threatened to kill again.

We also rejected Gibbs' argument that the opposition of the trial judge and prosecutors to his release is improper, vindictive, retaliatory and violated his constitutional rights, concluding that the opposition of these public officials to Gibbs' parole rests on the soundest of considerations, the fact that Gibbs was alleged to have threatened in the past to kill the judge in his state case. In short, contrary to Gibbs'

claims, nothing in the Constitution requires judges and prosecutors to favor the early release on parole of an inmate that they believe plans to kill them upon release, and the opposition of these officials to Gibbs' early parole cannot be viewed as unconstitutionally vindictive conduct.

While this Report and Recommendation has been pending before the district court, Gibbs has now filed two motions for discovery, (Docs. 17 and 18.), which seek far-ranging discovery from the Parole Board to support his claim of vindictiveness, a claim we have rejected on its merits. For the reasons set forth below, these motions will be denied.

## II.    Discussion

Habeas petitioners have no absolute right to make discovery demands upon respondents. Thus, " '[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997).' " Vasquez v. Glover, No. 09-2593,  2010 WL 2569715, *1 (D.N.J. June 24, 2010).  Rather, decisions on discovery requests rest in the sound discretion of the court.  See Levi v. Holt, 192 F.App'x 158, 162 (3d Cir. 2006).  That discretion is guided by certain basic principles, however.  Thus "Rule 6(a) of the Rules Governing Section 2254 Cases, . . . , provides that discovery will not be granted except for good cause."  Id.  Therefore, it is incumbent upon the Petitioner to make a showing

of good cause to justify discovery in these proceedings.  As the United States Court

of Appeals for the Third Circuit has noted:

> Just as bald assertions and conclusory allegations do not afford a
> sufficient ground for an evidentiary hearing, see Wacht v. Cardwell, 604
> F.2d 1245, 1246 n. 2 (9th Cir.1979), neither do they provide a basis for
> imposing upon the state the burden of responding in discovery to every
> habeas petitioner who chooses to seek such discovery.  Under Rule 6(a)
> of the Rules Governing Habeas Corpus Cases Under § 2254 the district
> court has discretion to decide the extent to which discovery is
> appropriate.  The Advisory Committee Note to Rule 6 makes clear that
> prior court approval is required to prevent abuse.

Mayberry v. Petsock, 821 F.2d 179, 185 (3d. Cir. 1987).

Rather, "[u]nder the 'good cause' standard of the § 2254 Rules, a district court

should grant leave to conduct discovery in habeas proceedings only ' "where specific

allegations before the court show reason to believe that the petitioner may, if the facts

are more fully developed, be able to demonstrate that he is ... entitled to relief." '

Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

Vasquez v. Glover, supra, 2010 WL 2569715, * 1.  Accordingly, where an assessment

of a petition reveals that it fails on some legal ground, the proper course is to deny

motions seeking factual discovery.  Brown v. DiGuglielmo, No. 07-3465, 2007 WL

4242266, *1 (E.D.Pa. Nov. 29, 2007), citing Williams v. Bagley, 380 F.3d 932, 974-76

(6th Cir.2004) (noting that discovery requests relating to procedurally defaulted claims

were properly denied because discovery could not lead to a colorable basis for relief on those claims); Peterkin v. Horn, 30 F.Supp.2d 513, 518-20 (E.D.Pa.1998) (same). Here, we have found that Gibbs' claims fail on their merits. Given this finding we conclude that the type of extensive, and speculative, factual discovery sought by Gibbs is neither necessary, nor appropriate, at this time.

## III.   Conclusion

Accordingly, for the foregoing reasons, it is ORDERED that the petitioner's motions for discovery, (Docs. 17 and 18.), are DENIED.

So ordered, this 19th day of October 2015.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge