UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BARRY GIBBS, | : | |
| | : | |
| Petitioner, | : | |
| | : | Civil Action No. 3:15-CV-1490 |
| v. | : | |
| | : | (Judge Kosik) |
| BRENDA TRITT, et al., | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

Before this Court are Barry Gibb's Objections (Doc. 22) to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson (Doc. 16), recommending that the Court deny Gibbs's petition for writ of habeas corpus. For the reasons which follow, the Court will adopt the Magistrate Judge's R&R and deny Gibbs's petition.

## I. PROCEDURAL HISTORY

Gibbs, an inmate currently incarcerated at State Correctional Institution ("SCI") Frackville, in Frackville, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on August 3, 2015 (Doc. 1). Gibbs contends in his petition that the Parole Board's decision to deny him early release on parole, violates his constitutional rights. Respondents filed a response to the petition on September 22, 2015 (Doc. 14).

On October 15, 2015, the Magistrate Judge issued an R&R (Doc. 16). Gibbs filed timely Objections to the R&R on December 21, 2015 (Doc. 22). The issue is ripe for disposition.

## II. Factual Background

I. Trials and Appeals

In December of 1984, Gibbs was arrested, charged, and convicted by jury trial, of criminal homicide, aggravated assault, and two counts of conspiracy. (Doc. 4, Br. in Support of Pet., at iii.) Gibbs was sentenced to death for the first degree murder, to the statutory maximum of 5 to 10 years for aggravated assault, and to 5 to 10 years for one count of conspiracy. (Id.) Gibbs appealed, and the Pennsylvania Supreme Court reversed and ordered a new trial. See Commonwealth v. Gibbs, 520 Pa. 151, 533 A.2d 409 (1989).

At the retrial in 1994, the jury acquitted Gibbs of first degree murder, but found him guilty of third degree murder and of the other charges. (Doc. 4, Br. in Support of Pet., at iii.) Gibbs was sentenced to the statutory maximum for the third degree murder, the statutory maximum for the conspiracy charge, and twice the statutory maximum for the aggravated assault charge. (Id., Ex. A, Sentencing Transcript.) Gibbs contends that the Pike County Court of Common Pleas judge clearly disagreed with the jury verdict, as evidenced of his statements made at sentencing. (Id.) Specifically, the sentencing judge stated that Gibbs was a "cold-blooded murderer" who "certainly intended to inflict death." (Id.)

Gibbs appealed, and the Pennsylvania Supreme Court remanded for re-sentencing. See Commonwealth v. Gibbs, 545 Pa. 649, 680 A.2d 1159 (1996). Gibbs was then re-sentenced to the statutory maximum for the aggravated assault charge. After the Pennsylvania Supreme Court denied Gibbs's appeal regarding trial errors, Gibbs timely filed a petition for writ of habeas corpus, challenging his criminal convictions. See Gibbs v. Frank, Civ. No. 3:99-CV-01627. The Court of Appeals for the Third Circuit ultimately directed the Court to grant the petition for a

writ of habeas corpus and require the state to either release Gibbs or re-try him within a certain period of time.  See Gibbs v. Frank, 387 F.3d 268 (3d Cir. 2004).

Before Gibbs's third trial commenced, the defense filed a motion for Judge Harold Thomson to recuse himself, since he had presided over the previous two trials.  Judge Thomson recused himself, and Gibbs was convicted of third degree murder, two counts of conspiracy, and aggravated assault.

II.  Parole Board Decisions

On January 7, 2004, the Commonwealth of Pennsylvania Board of Probation and Parole ("Board"), denied Gibbs parole, based on the "unfavorable recommendation from the district attorney and sentencing judge." (Doc. 4, Br. in Support of Pet., Ex. B, Jan. 2004 Bd. Decision.) The letter dated September 18, 2013, from Judge Thomson, the sentencing judge, to the Board, stated that "the defendant not be given any release consideration, parole or otherwise, until such time the victim, George Mehl, rises from the dead and agrees to the same." (Id., Ex. C, 2003 Letter.)

On September 30, 2004, the Board again denied Gibbs parole based on the recommendations made by the trial judge and Department of Corrections ("DOC").  (Id., Ex. D, Sept. 2004 Bd. Decision.)

On January 14, 2009, the Board denied Gibbs parole.  (Id., Ex. F, 2009 Bd. Decision.) The stated reasons included "failure to demonstrate motivation for success," "minimization/denial of the nature and circumstances of the offense(s) committed," "lack of remorse for the offense(s) committed," "negative recommendation made by the trial judge," and "negative recommendation made by the prosecuting attorney." (Id.)

On June 2, 2010, the Board granted Gibbs parole. (Id., Ex. G, June 2010 Bd. Decision.) The stated reasons for the Board's decision was due to Petitioner's "participation and completion of prescribed institutional programs," "institutional behavior, including reported misconducts," "reports, evaluations and assessments/level of risk indicates your risk to the community," "demonstrated motivation for success," "acceptance of responsibility for the offense(s) committed," "stated remorse for the offense(s) committed," and "placement in a CCC program in the community." (Id.) Subsequently, on July 6, 2010, the Board rescinded the previous grant of parole. (Id., Ex. H, July 2010 Bd. Decision.) The Board did not state a reason for rescinding the previous grant of parole, but stated that it would be listed for review on the next available docket. (Id.)

On November 8, 2010, the Board denied Gibbs parole. (Id., Ex. I, Nov. 2010 Bd. Decision.) The reasons stated included the "minimization/denial of the nature and circumstances of the offense(s) committed" and the negative recommendations made by the trial judge and prosecuting attorney. (Id.)

On December 2, 2011, the Board denied Petitioner parole. (Id., Ex. J, 2011 Bd. Decision.) The stated reasons included the "risk and needs assessment indicating your level of risk to the community" and the negative recommendations made by the trial judge and prosecuting attorney. (Id.)

On November 21, 2012, the Board denied Gibbs parole. (Id., Ex. K, 2012 Bd. Decision.) The stated reasons included "reports, evaluations and assessments/level of risk indicates your risk to the community," and the negative recommendations from the trial judge and prosecuting attorney. (Id.)

On November 12, 2013, the Board denied Gibbs parole. (Id., Ex. L, 2013 Bd. Decision.) The stated reasons included the "reports, evaluations and assessments/level of risk indicates your risk to the community" and the negative recommendations made by the trial judge and prosecuting attorney. (Id.)

On January 7, 2015, the Board denied Gibbs parole. (Id., Ex. M, 2015 Bd. Decision.) The stated reasons included the "risk and needs assessment indicates your level of risk to the community," "minimization of the nature and circumstances of the offense(s) committed," "refusal to accept responsibility for the offense(s) committed," "lack of remorse for the offense committed," and the negative recommendations from the trial judge and prosecuting attorney. (Id.)

### III. STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. See U.S. v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

### IV. DISCUSSION

In the R&R, the Magistrate Judge found that Gibbs's petition should be denied because he did not state a valid due process claim in his petition. The Magistrate Judge found that the

Board's decisions to deny Gibbs parole, did not offend constitutional due process considerations, as the Board made an informed balancing of the interests of both inmate and society.

Gibbs objects to the nature of the charges and convictions found in the R&R; the standard of review used by the Magistrate Judge; the Magistrate Judge blaming him for the "decades of litigation"; the Magistrate Judge not considering all of the parole reasons; the Magistrate Judge speculating that the alleged threats were considered by the Parole Board; and the Magistrate Judge failing to consider the evidence of vindictiveness on record before any alleged threat was made. Gibbs also argues that the Court should grant his discovery request, which the Magistrate Judge previously denied (Doc. 19).

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The core concept of due process is protection against arbitrary government action." Evans v. Sec'y Pa. Dep't of Corr., 645 F.3d 650, 658 (3d Cir. 2011) (citing Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845 (1998)). It is well-settled though, that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979).

The Pennsylvania Probation and Parole Act does not grant Pennsylvania state prisoners any constitutionally-protected liberty interest in being released on parole or reparoled prior to the expiration of their maximum terms.[1] Pennsylvania law unambiguously provides that a prisoner is

---

[1] See e.g., McFadden v. Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997) (Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs); Rodgers v. Parole Agent SCI-Frackville, Wech., 916 F. Supp. 474, 476 (E.D. Pa. 1996); McCrerv v. Mark, 823 F. Supp. 288 (E.D. Pa. 1993); Rogers v. Pa. Bd. of Prob. and Parole, 620 A.2d 584, 586 (Pa. Commw. Ct. 1993) (holding, "it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term . . . the [Board] makes each decision on a

not entitled to release from prison until the expiration of his maximum sentence.[2]  The Board has complete discretion to determine whether an inmate is sufficiently rehabilitated such that he will be permitted to serve the remainder of his sentence outside the prison walls on parole.

To satisfy substantive due process principles, "once a state institutes a parole system, all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Read v. Deloy, Civ. No. 09-539, 2012 WL 4498076, at *3 (D. Del. Sept. 27, 2012) (quoting Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980)).  Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id.

Consequently, a federal court may review a decision by a state parole board for an abuse of discretion.  Id.  Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some constitutionally impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n. 2.  The Third Circuit has found that "[t]he relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately

---

case by case basis, and prisoners have no guarantees that parole will ever be granted"), appeal denied, 637 A.2d 295 (Pa. 1993).

[2] A prisoner's sentence is his maximum term. Krantz v. Pa. Bd. of Prob. & Parole, 483 A.2d 1044, 1047 (Pa. Commw. Ct. 1984).  The significance of the minimum sentence is that it establishes a parole eligibility date; the only "right" that can be asserted upon serving a minimum sentence is the "right" to apply for parole and to have that application considered by the Board.  Id.

indifferent.'" Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). Federal courts are "not authorized by the due process clause to second-guess parole boards[,] and the requirements of substantive due process are met if there is some basis for the challenged decision." See Coady v. Vaughn. 251 F.3d 480, 487 (3d Cir. 2001).

We look at Gibbs's petition *de novo*. In the instant case, Gibbs asserts that he was denied parole in retaliation for repeatedly appealing his prior convictions and sentences. The reasons provided by the Board in their decisions are not so egregious or so outrageous to "shock the conscience." We find that the reasons stated satisfy the minimal standard set forth in Boyd v. Ward, 802 A.2d 705 (Pa. Commw. Ct. 2002) and Voss v. Pa. Bd. of Prob. & Parole, 788 A.2d 1107 (Pa. Commw. Ct. 2001). Denying Gibbs parole based on the parole board's stated reasons, do not create a substantive due process violation. See Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002).

There is no indication that the Board acted in an arbitrary or capricious manner or with vindictiveness, bias or prejudice in denying parole to Gibbs. The Board denied Gibbs parole based on the risk and needs assessment indicating a level of risk to the community, the minimization of the nature and circumstances of the offenses committed, the refusal to accept responsibility, the lack of remorse, and the negative recommendations of the trial judge and prosecuting attorney. The Court cannot find that the Board's stated reasons for denying him parole were arbitrary reasons not in his best interests, or, not rationally related to the legitimate interests of the Commonwealth. As such, the Court finds that the Board's denial of parole did not result in a violation of Gibbs's substantive due process rights, and the habeas petition will be denied.

## V. CONCLUSION

For the reasons set forth above, we will adopt the Magistrate Judge's Report and Recommendation and will deny Gibbs's petition. We further find that a certificate appealability will not be issued. An appropriate Order is attached.